**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| Ocean Semiconductor LLC,<br><br>        Plaintiff,<br><br>    v.<br><br>NXP USA, Inc.,<br><br>        Defendant. | Civil Action No. 6:20-cv-1212-ADA<br><br>DEMAND FOR JURY TRIAL |

**ORDER ON DISCOVERY DISPUTE**

Pursuant to the Court's June 17, 2021 Standing Order for Discovery Hearings in Patent Cases, August 29, 2022 oral order, and September 20, 2022 oral order, the parties Plaintiff Ocean Semiconductor LLC ("Ocean") and Defendant NXP USA, Inc. ("NXP") hereby jointly submit the following proposed order summarizing the nature of the parties' September 20, 2022 discovery dispute hearing ("Hearing") and the parties' understanding of the Court's rulings.

The Court heard argument from Ocean and NXP regarding the following four disputes:

- **Issue #1**: Whether the Court should vacate the TSMC- and UMC-related relief orally granted at the August 29, 2022 hearing given that Plaintiff Ocean's subsequent RPX settlement agreement means TSMC- and UMC-sourced NXP products are no longer accused products. For Issue #1, NXP sought the following relief:
  o "Vacate the TSMC- and UMC-related relief orally granted at the August 29, 2022 hearing given that Plaintiff Ocean's subsequent RPX settlement agreement means TSMC- and UMC-sourced NXP products are no longer accused products."

- **Issue #2**: Whether NXP should be compelled to produce: (1) documents covering licenses and agreements with NXP's equipment manufacturers ("First Category"); (2) documents regarding its processes for manufacturing the accused products using ultra-thin resist ("Second Category"); and (3) NXP's sales information for products NXP manufactures in its own fabs ("Third Category").  For Issue #2, Ocean sought the following relief:
    - "NXP must produce documents responsive to the First, Second, and Third Category of documents as well as the Preliminary Information by September 16, 2022 or within (3) three business days of the Court's ruling, whichever is later."
- **Issue #3**: Whether NXP should be compelled to supplement its Interrogatory Responses Nos. 1-4, 7-11, and 13-14.  For Issue #3, Ocean sought the following relief:
    - "NXP must supplement its responses to Ocean's Interrogatory Nos. 1-4, 7-11, and 13-14 by September 16, 2022 or within (3) three business days of the Court's ruling, whichever is later."
- **Issue #4:** Whether the scope of relief granted by the Court at the August 29, 2022, hearing on sales and financial information covers NXP products, including those manufactured by TSMC and UMC as well as products manufactured by NXP in its manufacturing facilities.
    - "The scope of relief granted by the Court at the August 29, 2022, hearing on sales and financial information is not limited to those products manufactured by TSMC and UMC, and that NXP must also produce sales and financial information on products NXP manufactures in its own fabs."

For the reasons stated at the Hearing, the Court rules as follows:

For **Issue #1**, it is hereby **ORDERED** that the Court will not withdraw its August 29, 2022 oral order ("August 29 Order"), but the Court will **MODIFY** the order. The Court hereby modifies its August 29 Order, and it is hereby **ORDERED** that on or before October 4, 2022, NXP shall produce:

(i) Sales information for any sales into or from the U.S. or products made in whole or part in the U.S. beginning December 31, 2014 for any NXP-manufactured wafer and any NXP product that contains or is made from an NXP-manufactured or unlicensed wafer; and (ii) TM numbers and UMC identifiers for any NXP product sold beginning December 31, 2014 that contains or is made from NXP or unlicensed wafers and wafers from either TSMC or UMC. NXP is not obligated to produce sales information for any NXP product that contains or is made from a TSMC- or UMC-manufactured wafer where such product sources wafers solely from licensed parties such as TSMC and UMC.

For **Issue #2**:

- As to the "First Category," the Court **DENIES** Ocean's request based on NXP's representation that "they are producing and have been producing those agreements," but it is hereby **ORDERED** that NXP substantially complete its production of licenses and agreements relating to Applied Materials by October 7, 2022; and substantially complete production of licenses and agreements for all other equipment manufacturers by October 21, 2022;
- As the "Second Category," the Court **DENIES** Ocean's motion to compel without prejudice;
- As the "Third Category," Ocean's motion to compel the Third Category of

documents is **MOOT** as it is subsumed within Issue #1.

For **Issue #3**, the Court **DENIES** Ocean's motion to compel without prejudice. The parties are **ORDERED** to meet and confer regarding Issue #3 after the production of sales data pursuant to Issue #1.

For **Issue #4**, this issue is **MOOT** because it is subsumed within Issue #1.

**IT IS SO ORDERED.**

The Honorable Judge Derek T. Gilliland
United States Magistrate Judge