IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **OCEAN SEMICONDUCTOR LLC,** *Plaintiff,* § § § | | |
| | § | **W-20-CV-01212-ADA** |
| *v.* | § § | |
| **NXP USA, INC.,** *Defendant.* | § § § § | |

## ORDER GRANTING MOTION TO MODIFY PROTECTIVE ORDER

Came on for consideration is Plaintiff's Opposed Motion to Modify the Protective Order to Allow Use of Third-Party Discovery in a Related Action (the "Motion"). ECF No. 112. After careful consideration of the Motion and the applicable law, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

**A. Western District of Texas Action**

Plaintiff Ocean Semiconductor LLC ("Ocean") filed its Original Complaint in this action on December 31, 2020. ECF No. 1. Ocean alleged infringement of its patents for semiconductor manufacture by Defendant NXP USA, Inc. ("NXP"). *See* ECF No. 1. Subsequently, the Parties filed a Joint Motion for Entry of Protective Order on March 10, 2022. ECF No. 64. The Court granted the joint motion and entered the order on March 29, 2022. ECF No. 65. The order specified that materials designated for protection "shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose." ECF No. 65 ¶ 7.

On August 25, 2022, Ocean requested leave to file amended Final Infringement Contentions. ECF No. 84. The Court granted in part and denied in part the motion. ECF No. 107.

On January 3, 2023, Ocean filed the Motion seeking "to use third-party discovery obtained in this action in a" collateral action. ECF No. 112 at 4. On January 6, 2023, Ocean filed

1

a transcript from the collateral action supporting the Motion. ECF No. 113. On January 10, 2023, Analog Devices, Inc. ("Analog") filed a motion to intervene "for the sole and limited purpose of opposing [Ocean's]" Motion. ECF No. 115 at 5. On January 16, 2023, Ocean filed a reply in opposition to Analog's intervention in the Motion. ECF No. 116.

**B. District of Massachusetts Action**

Ocean filed its Original Complaint against Analog in the District of Massachusetts on December 31, 2020. *Ocean Semiconductors LLC v. Analog Devices Inc*., Case No. 1:20-cv-12310 (D. Mass.) ("Mass. Action"), ECF No. 1. As in the Western District of Texas action, Ocean alleged infringement of its patents related to semiconductor manufacturing. *Id*. ¶ 1. On April 26, 2021, Analog filed a motion to dismiss for failure to state a claim. *See* Mass. Actionat ECF No. 17.

On August 31, 2021, Analog filed a motion to stay pending *inter partes* review of the seven patents in suit. 1:20-cv-12310, ECF No. 30 at 1. On September 20, 2021, the court granted "the motion to stay this case pending the decision on the institution of IPR proceedings on the seven patents in suit." 1:20-cv-12310, ECF No. 37 at 1. The court also found the pending motion to dismiss for failure to state a claim would be mooted upon lift of the stay. 1:20-cv-12310, ECF No. 38.

On June 30, 2022, Analog renewed its motion to dismiss for failure to state a claim. 1:20-cv-12310, ECF No. 48. Ocean filed its response in opposition on August 4, 2022. 1:20-cv-12310, ECF No. 59. Analog filed a corresponding reply in support of its motion on August 9, 2022. 1:20-cv-12310, ECF No. 62.

On August 5, 2022, Ocean amended its infringement claims in its First Amended Complaint. 1:20-cv-12310, ECF No. 61. The court entered an order lifting the stay regarding U.S. Patent No. 6,836,691 on August 10, 2022. 1:20-cv-12310, ECF No. 64.

On August 19, 2022, Analog withdrew its renewed motion to dismiss (1:20-cv-12310, ECF No. 66) and filed a new motion to dismiss for failure to state a claim (1:20-cv-12310, ECF No. 67). Ocean filed its response on September 2, 2022. 1:20-cv-12310, ECF No. 75. A further reply was filed by Analog on September 16, 2022 (1:20-cv-12310, ECF No. 84), and a sur-reply submitted by Ocean on September 23, 2022 (1:20-cv-12310, ECF No. 87).

On September 6, 2022, the court entered a protective order on the action. 1:20-cv-12310, ECF No. 78.

On October 13, 2022, the Parties filed a joint motion to lift the stay pertaining to U.S. Patent Nos. 6,660,651 and 7,080,330. 1:20-cv-12310, ECF No. 90. The court entered an order endorsing the joint motion on October 14, 2022. 1:20-cv-12310, ECF No. 92.

On October 27, 2022, Analog filed a motion to dismiss First Amended Complaint with respect to the '330 patent. 1:20-cv-12310, ECF No. 95. Ocean filed its response in opposition on December 2, 2022. 1:20-cv-12310, ECF No. 108.

On December 6, 2022, Analog filed a motion to quash all third-party subpoenas, or in the alternative for a protective order, and to stay discovery in the action. 1:20-cv-12310, ECF No. 109. On December 20, 2022, Ocean filed its response in opposition. 1:20-cv-12310, ECF No. 116. The court entered a stay pending resolution of the motion to dismiss on December 21, 2022. 1:20-cv-12310, ECF No. 117.

On February 14, 2023, Analog filed a notice of the final decision by the Patent Trial and Appeal Board in the *inter partes* review. 1:20-cv-12310, ECF No. 124. The decision found all

challenged claims of U.S. Patent Nos. 6,725,402, 6,907,305, 6,968,248, and 8,676,538 to be unpatentable. 1:20-cv-12310, ECF No. 124 at 1.

On March 28, 2023, the court granted Analog's motion to dismiss for failure to state a claim without prejudice. 1:20-cv-12310, ECF No. 126. Ocean may still replead "in 30 days if there is a factual basis for alleging that Analog infringed claims 4 and 5." 1:20-cv-12310, ECF No. 126 at 19.

**C. Ocean's Discovery**

Ocean has sought discovery from various third-party manufacturers of semiconductor manufacturing tools. ECF No .112 at 4-5. It alleges that those tools are then used for infringement of its patented processes. ECF No. 112 at 5. Ocean obtained material from some subpoenaed third parties. ECF No. 112 at 5. Relevant third-party information was obtained from "Applied Materials, Inc., Infinicon, Inc., TSMC, camLine, and Hitachi High-Tech America, Inc." ECF No. 112 at 5. Ocean seeks permission to use those materials against Analog in the 1:20-cv-12310 action. ECF No. 112 at 6. TSMC and camLine have granted Ocean permission to use produced documents in the 1:20-cv-12310 action. ECF No. 112 at 6. Ocean received permission to use discovery from third parties in this action as evidence "to supplement its complaint in the *Ocean v. ADI* action." ECF No. 112 at 6.

The joint protective order entered by the Parties prohibits Ocean from using discovery productions in the 1:20-cv-12310 action. ECF No. 112 at 6. Ocean alleges that early cooperation from Applied Materials, Inc., Infinicon, Inc., and Hitachi High-Tech American, Inc. ended "after they were contacted by counsel for Analog. ECF No. 112 at 6. Ocean now seeks permission from the court to modify the protective order allowing the use of the produced documents in the 1:20-cv-12310 action. ECF No. 112 at 4. Additionally, Analog has sought intervention to prevent

4

modification of the protective order, alleging that Ocean is pursuing no more than a "fishing expedition against Analog." ECF No. 115 at 6.

## II. LEGAL STANDARD

**A. Intervention**

Rule 24 provides parties a route to intervene in an action before the court. Fed. R. Civ. P. 24. It affords either intervention as a matter of right or permissive intervention. Fed. R. Civ. P. 24(a), 24(b). The Fifth Circuit set forth a four-factor test for intervention as a matter of right pursuant to Rule 24(a). *Field v. Anadarko Petroleum Co.*, 35 F.4th 1013, 1017 (5th Cir. 2022).

> [An] intervenor must show that "(1) the application . . . [was] timely"; (2) that it has "an interest relating to the property or transaction which is the subject of the action"; (3) that it is "so situated that the disposition of the action may, as a practical matter, impair or impede [its] ability to protect that interest"; and, finally, (4) that its interest is "inadequately represented by the existing parties to the suit."

*Id.* (quoting *DeOtte v. State*, 20 F.4th 1055, 1067 (5th Cir. 2021)). Similarly, permissive intervention may be granted where "an applicant's claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b)(2). This Court has previously stated that permissive intervention " 'is wholly discretionary.'" *Nat'l Press Photographers Ass'n v. McCraw*, 594 F. Supp. 3d 789, 812 (W.D. Tex. 2022).

The Fifth Circuit addressed the intervention factors in *Field*. *Field*, 35 F.4th at 1017–20. It stated that acting to intervene "as soon as an intervenor realizes its interests are not adequately protected" will be timely. *Id.* at 1018. An intervenor must show a legally protectable interest in the action, not merely a preference for an outcome thereof. *Id.* at 1018. An intervenor's interest may be insufficient where "too far removed from the dispute," purely economic, or require separate legal action, making the interest too indirect. *Id.* at 1018–19. Intervenors with an actual interest can show a practical risk of impairment when it may be impaired without intervening. *Id.*

at 1020. Last, an intervenor may show inadequate representation by "at least establish[ing] 'adversity of interest, collusion, or nonfeasance on the part of the existing party' that 'has the same ultimate objective' for the lawsuit as the partying seeking to intervene." *Id.*

**B. Modification of a Protective Order**

Rule 26 grants district courts the right, for good cause, to restrict the disclosure of material from matters before it through a protective order. Fed. R. Civ. P. 26(c). A district court has the discretion to enter and modify a protective order, even after the dismissal of the underlying suit. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990); *Raytheon Corp. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 U.S. Dist. LEXIS 70934, at *6 (E.D. Tex. Sept. 18, 2008). The Court has the discretion to modify protective orders by parties to the action or by non-parties through Rule 24 intervention. *Peoples v. Aldine Indep. Sch. Dist.*, No. 06-2818, 2008 U.S. Dist. LEXIS 47946, *5 (S.D. Tex. June 19, 2008).

The Southern District of New York developed much of the modern doctrine for the modification of protective orders in a pharmaceutical patent dispute. *See generally*, *Bayer AG v. Barr Lab'ys, Inc.*, 162. F.R.D. 456 (S.D.N.Y. 1995) (considering the modification of a protective order to allow in-house counsel of a party to attend depositions).[1] The *Bayer AG* court first distinguished the modification of a protective order by a party to the action or upon the request of a non-party. *Id.* at 460. It recognized that the Second Circuit had already addressed distinctions between non-party requests for access as a matter of public interest and those from governmental entities. *Id.* The Tenth Circuit had previously outlined an additional non-party

---

[1] While the Southern District of New York is certainly not controlling authority, the Western District of Texas has looked to *Bayer AG v. Barr Lab'ys, Inc.* for guidance in past disputes pertaining to protective orders. *See generally, United States v. Carriles*, 654 F. Supp. 2d 557 (W.D. Tex. 2009); *Rodriguez v. Wal-Mart Stores, Inc.*, No. EP-18-CV-00356-MAT, 2019 U.S. Dist. LEXIS 226400 (W.D. Tex. May 2, 2019). It has also been cited by the Eastern District of Texas regarding protective order issues. *See generally*, *Raytheon Co. v. Indigo Sys. Corp.*, No. 4:07-cv-109, 2008 U.S. Dist. LEXIS 70934 (E.D. Tex. Sept. 18, 2008).

request instance seeking access to discovery productions for use in a collateral action. *United Nuclear Corp.*, 905 F.2d at 1427–28.

The Southern District of New York outlined a four-factor balancing test for requests to modify made by a party. *Bayer AG*, 162 F.R.D. at 462–63. Courts should balance the following considerations:

> (1) good cause – if good cause was shown for the original protective order, the burden is on the party seeking modification to show good cause for modification; if good cause was not shown for the original protective order, the burden of showing good cause is on the party seeking continued confidentiality protection; (2) the nature of the protective order (*i.e.*, narrow vs. broad, court imposed vs. court approved upon stipulation of the parties); (3) the foreseeability at the time of the original protective order of the modification now requested; and (4) the parties' reliance on the protective order.

*Id.*

The *Bayer AG* court found good cause for the stipulated protective order because of the commercially-sensitive nature of the detailed information involved. *Id.* at 464. Additionally, the court stated that the scope of the protective order might influence the good cause factor. *Id.* at 465. The Eleventh Circuit suggested that the good cause factor should be analyzed by considering whether a specific and particular risk of injury exists, as opposed to mere "subjective assertions of fear." *Carrizosa v. Chiquita Brands Int'l, Inc.*, 965 F.3d 1238, 1251 (11th Cir. 2020). Next, the nature of the protective order is considered by assessing the scope of the protective order. *Bayer AG*, 162 F.R.D. at 465. The court classified the scope as being either narrow, blanket, or umbrella orders. *Id.* A narrow protective order is directed to "specific, identified information." *Id.* Additionally, narrow protective orders may be a sufficient showing of good cause when the specified material is reviewed by the court. *Id.* Blanket protective orders increase the breadth of the order's scope to "documents that they in good faith believe contain trade secrets or other confidential commercial information." *Id.* Blanket orders are typically

supported by good cause by the nature of their commercial importance and the good faith designation of confidential material. *Id.* at 466. As an exception, a party seeking to modify a protective order it had previously stipulated to must generally show good cause to avoid the prior agreement. *Id.* Umbrella orders are the broadest in scope, covering all discovery material "without any review or determination of 'good cause.'" *Id.* at 465. For umbrella orders, the party opposing modification of the order must show good cause for continued, indiscriminate restriction. *Id.* The court should also "consider whether the protective order was court imposed or court approved" with respect to the nature of the order factor. *Id.* The third factor, foreseeability, turns on whether the parties should have reasonably known the order may need future modification for probable circumstances. *Id.* at 466. Lastly, the court should assess how much the resisting party relied on the protective order for discovery production. *Id.*

In *United Nuclear Corp.*, the Tenth Circuit addressed modification of a protective order to prevent duplicative discovery. *See generally, United Nuclear Corp.*, 905 F.2d. The Tenth Circuit noted that the circuits are divided on how their discretion is applied in balancing factors for duplicative discovery-related requests. *Id.* at 1428. Siding with the Seventh Circuit, efficiency and prejudice are balanced. *Id.* Modification to prevent duplicative discovery is favored unless it creates substantial prejudice. *Id.* (citing to *Wilk v. Am. Med. Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980) (overturned on other grounds regarding intervenor standing requirements)).

### III. ANALYSIS

#### A. Intervention

Analog filed a motion to intervene "as soon as it learned of Ocean's" efforts to modify the protective order. ECF No .115 at 6. Analog's request was timely under the *Field* standard as stated by the Fifth Circuit. *Field*, 34 F.4th at 1018. While this action may share common

questions of law and fact to the Massachusetts action, Analog has failed to demonstrate that it has a protectable interest in the matter. All discovery in the Western District of Texas action has occurred, and there is no further anticipated discovery set to occur—fishing expedition or not—for it to have an interest in protecting against.. Accordingly, this Court declines to grant Analog's request for intervention. The Court notes that even if Analog were allowed to intervene, the Court would reach the same conclusion regarding the modification of the protective order, which is discussed below.

**B. Modification of the Protective Order**

The present dispute implicates some elements of both a party requesting modification and a non-party seeking modification for duplicative discovery purposes. *See generally,* ECF No. 112; ECF No. 115. While sharing some similarities with the duplicative discovery situation of *United Nuclear Corp.*, the intervening party seeks to prevent modification here. ECF No. 115 at 5. In the present matter, the balance of the efficiency related to duplicative discovery and the lack of prejudice to Analog weigh in favor of modification of the protective order.

*1. Good Cause*

The Parties stipulated to a blanket protective order. *See generally,* ECF No. 65. The protective order allowed the Parties to designate materials for different levels of protection. ECF No. 65. Moreover, the protective order was designed to protect from the "disclosure of trade secrets, confidential business information, or other proprietary information[.]" ECF No. 65. But the protective order also contemplates future modification by the Parties. ECF No. 65 ¶ 5. This clause allows for modifications to be made upon the "consent of the designating Party, [or] upon order of the Court . . . ". ECF No. 65 ¶ 5. Additionally, Ocean seeks modification for judicial efficiency by avoiding duplicative discovery. ECF No. 112 at 7.

9

The *Bayer AG* court recognized the commercial importance of protective orders. *See Bayer AG*, 162 F.R.D. at 465. Moreover, it suggested that most "blanket" protective orders for such purposes would be entered with good cause. *Id.* Indeed, the court stated that a "party should be held to its agreement and thus should have the burden of showing good cause for its modification request." *Id.* Conversely, the *United Nuclear Corp.* court suggests that avoiding duplicative discovery is favored where it does not cause substantial prejudice. *United Nuclear Corp.*, 005 F.2d at 1428. Similarly, the Fifth Circuit stated, "that protective orders should generally be modified to allow discovery in other actions[.]" *Stack v. Gamill*, 796 F.2d 65, 68 (5th Cir. 1986).

The Parties stipulated to a blanket protective order to protect their commercial interests. ECF No. 65. This constitutes good cause for the protective order. *Bayer AG*, 162. F.R.D. at 465. Ocean thus carries a burden of showing good cause for modifying the order. *Id.* Here, the Parties provided for modifications, and the modification seeks to prevent duplicative discovery. *See* ECF No. 112 at 5–7. Contrary to Fifth Circuit guidance in *Gamill*, Analog seeks to prevent modification for any further discovery in any other actions. *See* ECF No. 115-2. While Analog proposes that Ocean seeks a "fishing expedition" (ECF No. 115-2 at 8), "Ocean is not currently seeking any discovery in that action." ECF No. 116 at 4. Modification of the protective order would prevent the need for duplicative discovery. Furthermore, the Court is reluctant to allow a party to use the protective order as a shield to hide relevant facts (facts that Plaintiff is already aware of) in *any* litigation. Accordingly, Ocean has demonstrated good cause weighing in favor of modification.

*2. Nature of the Protective Order*

The Parties stipulated a protective order that allows them to designate materials for different levels of protection. *See generally,* ECF No. 65. The *Bayer AG* court stated that such protective orders fall under the "blanket" protective order classification. *Bayer AG*, 165. F.R.D. at 465 (" . . . a 'blanket' protective order that permits the parties to protect documents that they in good faith believe contain trade secrets or other confidential information"). Accordingly, the parties stipulated a blanket protective order and weighs against modification. *Id.* at 466.

*3. Foreseeability*

The protective order contains provisions for modification. ECF No. 65 ¶ 5. The Parties may seek modification "upon order of the court" or through "consent of the designating Party" for the additional disclosure. ECF No. 65 ¶ 5. Ocean filed the Massachusetts action prior to the Western District of Texas action, making potential third-party discovery needs across the collateral actions foreseeable. 1:20-cv-12310, ECF No. 1; ECF No. 1.

The *Bayer AG* court stated that this factor considers "whether the need for modification was foreseeable at the time the parties negotiated the original stipulated protective order." *Bayer AG*, 165 F.R.D. at 466.

Here, the Parties should have foreseen the potential need for third-party production in the collateral action because the Massachusetts action predated this dispute. 1:20-cv-12310, ECF No. 1; ECF No. 1. But the Parties provided a mechanism for the blanket protective order to be modified. ECF No. 65 ¶ 5. The Parties allowing for the alteration of the protective order make this dispute distinct from *Bayer AG,* which left no reasonable justification for modifying the blanket protective order. *Bayer AG*, 165 F.R.D. at 466. Analog argues that this factor should weigh against modification but seems to ignore the provision in the protective order that allows

for future changes as suggested by its cited authority. ECF No. 115-2 at 6. Accordingly, this factor is neutral or favors modification slightly.

*4. Reliance*

Third parties produced discovery materials after the entry of the protective order, providing a presumption of reliance. Indeed, Analog asserts that it "relied on the protective order provision that expressly barred Ocean from obtaining confidential materials produced in this action and using them in its case against Analog." ECF No. 115-2 at 6. Ocean conceded this reliance. ECF No. 112 at 6 ("While the third parties relied on the Protective Order in producing confidential information in this action . . . ").

The *Bayer AG* court stated that reliance upon the protective order by parties will generally weigh against permitting modification. *Bayer AG*, 165 F.R.D. at 467.

Analog's reliance would typically weigh against modification of the protective order in accordance with the advice of *Bayer AG*. Ocean, though, raises a further consideration for this factor in asserting that materials would remain protected. ECF No. 112 at 6. Ocean notes that a protective order has also been entered for the Massachusetts action. ECF No. 112 at 6. The Massachusetts action protective order is substantially the same as the present order. *See* 1:20-cv-12310, ECF No. 78. As a result, the prejudicial risk with which reliance is normally concerned does not arise. Accordingly, this factor is neutral.

**IV. CONCLUSION**

Here, Ocean has shown reasonable grounds for modification of the protective order. This Court finds that the balance of the factors weighs in favor of modifying the protective order. It is therefore **ORDERED** that Plaintiff's Opposed Motion to Modify the Protective Order to Allow Use of Third-Party Discovery in a Related Action is **GRANTED**.

SIGNED this 28th day of April, 2023.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE